JUSTICE HUNT,
dissenting:
I dissent. The facts alleged by plaintiff, if true, paint an ugly and disturbing picture of events that occurred at the Montana State *89 Hospital at Warm Springs. At the age of 13, L.C. was diagnosed as having “behavior problems” and was confined by the State to the hospital. While in the “care” of the hospital she was denied the opportunity to associate with children of her own age and instead lived with adults suffering from severe mental illnesses. She was prohibited from obtaining an education and was compelled to work at the hospital to earn spending money. She received numerous electric shock treatments as punishment for her behavior. She was raped by male employees. When she protested the assaults, the hospital ignored her complaints. She was forced to engage in “cock fights” with other patients while staff members observed and wagered on the results.
Despite this outrageous treatment, the majority allows the State to hide behind the shield of sovereign immunity by adhering to the troubling and somewhat strained distinctions between governmental and proprietary functions. Even allowing that the regular day-to-day operation of the hospital is a governmental function, the activities alleged in this case are so horrifying that one cannot seriously believe that they flowed from the pursuit of governmental objectives. Surely, no government that I wish to be a part of would engage in such appalling conduct.
Although the State may be immune from suit for torts arising from the discharge of governmental functions, there are times when the misdeeds alleged by the plaintiff exceed the bounds of governmental purposes. “[T]he intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law is not the exercise of a governmental function.” Smith v. Department of Public Health, 428 Mich. 540, 410 N.W.2d 749, 780 (1987). Here, we have a case where the hospital at Warm Springs, under the guise of governmental authority, engaged in illegal acts for the purpose of punishing and warehousing L. C., not for treating and caring for her. The hospital refused to give L. C. educational opportunities granted by the Montana Constitution. It forced her to work for wages in contravention of Montana law. It stood by silently while she was raped by employees. It condoned her degradation for the financial gratification of staff members. Certainly, none of these activities were authorized by law. Certainly, the hospital should not be allowed to engage in such cruel and inhumane conduct without fear of reprisal.
The judiciary is the sanctuary of the dispossessed, of those who have a voice in no other quarter. It should not tolerate the State’s exploitation of the individual by hiding behind slight legal niceties *90 such as the ones used here. If the plaintiff’s allegations are true, the shield of sovereign immunity has become the sword of institutional brutality.
If the plaintiff’s allegations are not true, the shield of sovereign immunity has denied our public servants the opportunity to repudiate the accusations.
I would reverse the District Court.
JUSTICE TRIEWEILER concurs in the dissent of Justice Hunt.